IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA,

v.  CASE NO. 4:96-cr-00036-MP

EDDIE LEE GORDON,

    Defendant.

_____/

**O R D E R**

This matter is before the Court on Doc. 185, Motion for reconsideration of that part of the order at Doc. 184 that denied Doc. 176, Mr. Gordon's motion for reduction of sentence under the 2008 amendments to the Sentencing Guidelines dealing with crack cocaine offenses. Previously, Mr. Gordon was sentenced to 360 months imprisonment based on his involvement in distributing crack cocaine. In its original response to Doc. 176, the government indicated that Mr. Gordon was held responsible at sentencing for 2.365 kg and therefore, even under the amended guidelines his sentencing range stayed the same.

Based on that information, the Court previously entered the order at Doc. 184, denying Mr. Gordon's motion for reduction of sentence. Prior to the filing of the order at Doc. 184, however, the government indicated that although the PSR recommended Mr. Gordon be responsible for 2.365 kg, at sentencing the Court cut the amount down to 1.2 kg. See Doc. 181. That amount does allow Defendant to gain a reduction after the amendments to the guidelines. The Court inadvertently relied upon the 2.365 kg amount when entering the order at Doc. 184, however. For this reason, the portion of the order at Doc. 184 dealing with reconsideration of Doc. 176 is vacated.

Before application of the amendments, Defendant's total offense level was 37, which at his criminal history level gave him a 360-months-to-life range.  After application of the amendments, he is at a level 35, which gives him a range of 292-to-365 months. Mr. Gordon has never received a 5k1.1 or Rule 35 departure or reduction.   Having reviewed the totality of the circumstances in this case, and having considered the sentencing considerations at 18 U.S.C. § 3553, et seq., the Court finds that the motion for reduction of sentence at Doc. 176 should be granted.  The judgment entered October 25, 1996, Doc. 34, is modified as follows:

> "Defendant is hereby committed to custody of the Bureau of Prisons to be imprisoned for a total term of 360 months"

> is changed to

> "Defendant is hereby committed to custody of the Bureau of Prisons to be imprisoned for a total term of 292 months"

All other terms and conditions in the Judgment remain in full force and effect.

**DONE AND ORDERED** this  *22nd*   day of May, 2009

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge